Robinson, administrator, *v.* Talmadge.

lature intended to take away the shield and protection of infancy. On the agreed facts,

*Judgment for the plaintiff.*

---

ETHAN C. ROBINSON, administrator, *vs.* SAMUEL J. TALMADGE.

In an action by an administrator upon a promissory note belonging to the estate of his intestate, testimony in his behalf by the intestate's widow is competent to prove conversations with the defendant before the husband's death, and to prove that it was her husband's practice to carry the note in his pocket; and the defendant is incompetent as a witness to contradict her.

CONTRACT on a promissory note made by the defendant payable to the plaintiff's intestate, Charles Crotty. At the trial in the superior court, Crotty's widow was permitted to testify, against the defendant's objection, to conversations with the defendant before Crotty's death, but not to conversations with her husband; and also that it was her husband's practice to carry the note in his pocket. To contradict her testimony, the defendant offered his own, but *Wilkinson,* J., ruled that he was not a competent witness; and he alleged exceptions.

*J. M. Stebbins,* for the defendant, cited *Dexter* v. *Booth,* 2 Allen, 559; 1 Greenl. Ev. § 338; *Walker* v. *Sandborn,* 46 Maine, 470; *Doker* v. *Hasler,* Ry. & Mood. 198; *O' Connor* v. *Majoribanks,* 4 M. & G. 435; *Jackson* v. *Barron,* 37 N. H. 494; *Williams* v. *Baldwin,* 7 Verm. 506.

*C. A. Beach,* for the plaintiff, cited *Dickerman* v. *Graves,* 6 Cush. 308; *Coffin* v. *Jones,* 13 Pick. 445; *Pike* v. *Hayes,* 14 N. H. 19; *Ratcliff* v. *Wales,* 1 Hill, 63.

CHAPMAN, J. Our statute makes a wife a competent witness for the administrator of her husband, but prohibits her from testifying to her private conversations with her husband. See *Dexter* v. *Booth,* 2 Allen, 559. The testimony of Mrs. Crotty in this case, that her husband was in the habit of carrying the note in suit in his pocket, does not come within the statute prohibition, and was properly admitted.

The testimony of the defendant was properly excluded, by the plain words of the statute, because the plaintiff's intestate was the other party to the cause of action in issue and on trial. Gen. Sts. *c.* 131, § 14.                    *Exceptions overruled.*