JOSEPH LITCHFIELD *vs.* SHADRACH B. MERRITT, executor.

In an action by an executor on a promissory note made to his testator, the testator's widow is a competent witness on his behalf to show a part payment on the note during her husband's lifetime.

In an action by an executor on a promissory note made by A. to the testator, A. set up the statute of limitations, and alleged that he gave a note and mortgage to the testator to secure a collateral obligation; that the testator abandoned all claim under said obligation; and that he promised to pay to the testator taxes to the amount of $10 or $12, which the testator had paid on account of the mortgage. The executor relied on a part payment of $12 to avoid the effect of the statute; and testified that he found no charge of the testator against A. except the note in suit, and that A. told him, in the testator's lifetime, that he had sent $12 to the testator, but did not say what it was on. A. thereupon offered evidence tending to show that, after the testator's death, the executor demanded of him payment of the principal of the note, interest and taxes, and that he then told the executor that his payment of $12 to the testator was for taxes; but the judge ruled that "nothing which A. said could be given in evidence." *Held,* that this ruling must be considered as limited to the evidence which gave occasion for it; and that A. had no ground of exception.

In an action by an executor against A. on a promissory note, payable on demand, made by A. to the testator, the executor testified that, before the testator's death, he called on A. and told him he had come on behalf of the testator to settle "about an old mortgage," and said "You have paid $12 on it?" to which A. replied "Yes, I have sent him $12," and that nothing was said about any note or the amount of the claim, or whether the testator had one or more demands against A.; and he further testified that he found, as executor, no charge or claim of the testator against A. except the note in suit; that the widow of the testator testified that, about a month before his death, the wife of A. paid her $12; and A. introduced in evidence a mortgage from himself to the testator which recited that it was given to secure a note of the same date, amount and payee as that declared on, but payable five years from date. *Held,* that the jury were warranted in finding on this evidence that the note declared on and the note recited in the mortgage were the same, and that A. had made a part payment thereon within six years before the testator's death.

WRIT OF REVIEW to reverse a judgment rendered against the plaintiff in review, on his default, in an action of contract begun on November 26, 1867, by the defendant in review, as executor of Harvey Whitcomb, on a promissory note for $230, dated November 4, 1847, signed by the plaintiff in review, and payable on demand to Whitcomb or order. The answer filed by the plaintiff in review left the proof of the making of the note to the defendant in review, set up the statute of limitations, and alleged that he gave a note and mortgage to Whitcomb to secure a collateral obligation; that Whitcomb abandoned al

claim on said obligation; and that the plaintiff in review promised to pay him taxes to the amount of $10 or $12, which he had paid "on account of said mortgage."

At the trial in the superior court, before *Pitman*, J., the only question raised was, whether the defendant in review had proved such a part payment as to take the note out of the operation of the statute of limitations. The defendant in review testified that Whitcomb, before his death, handed him the note; that at the request of Whitcomb he called on the plaintiff in review about August 3, 1867, and told him that "he had come to settle some business for Harvey Whitcomb about an old mortgage;" that the plaintiff in review said, "I suppose he wants his money;" that in the course of conversation the witness said, "You have paid $12 on it?" and the plaintiff in review replied, "Yes, I have sent him $12," but did not say what it was on; that the plaintiff in review said he would go and settle with Whitcomb; but that some days afterwards he told the witness that he found Whitcomb too sick to attend to the business, and it would have to be settled with the executor; and the witness further testified that he found, as executor, no charge of Whitcomb against the plaintiff in review, and no claim of any kind except the note in question. Upon cross-examination he testified that he never had any other conversation with the plaintiff in review about his affairs with Whitcomb during the latter's lifetime, and that at the conversation above mentioned nothing was said about any note, or the amount of the claim, or whether Whitcomb had one or more demands against the plaintiff in review. The widow of Whitcomb was called as a witness, for the purpose of fixing the time of the payment of the $12, and was allowed, against the objection of the plaintiff in review, to testify that in July 1867, about a month before her husband's death, the wife of the plaintiff in review paid to her, at her house, $12. Neither the plaintiff in review nor Whitcomb was present, and there was no evidence that either ever knew of the transaction. Upon this evidence the defendant in review rested.

"The plaintiff in review testified that the defendant in review called on him, told him he was settling the estate of Whitcomb,

and demanded of him payment of a note, the principal of which was $230, and interest twenty years, and taxes paid by Whitcomb on said principal sum for twenty years; and was asked by his counsel to repeat the conversation touching said note, taxes and interest, for the purpose of showing that the defendant in review then insisted upon the claim for taxes as a part of the debt to Whitcomb's estate, and also for the purpose of showing that the defendant in review then asked him what he paid $12 for, that he then stated that it was for something else than interest, and that the defendant in review did not dispute the reply, or claim that he had ever given him a different account; and the counsel of the plaintiff in review specially disclaimed offering his statement in that conversation as evidence of the fact stated by him at that time, but offered the testimony simply to discredit the defendant in review. The presiding judge, upon the objection of the defendant in review, excluded the conversation, and ruled that nothing which Litchfield said could be given in evidence."

" The plaintiff in review was also asked by his counsel to relate a conversation between himself and the defendant at the time of the service of the writ in the original action, for the purpose of showing that the defendant in review pressed him to tell what he paid Whitcomb for, 'if it was not for interest' upon the note sued on ; and that he told what it was for, stating that it was for taxes, as set up in the answer; and that the defendant in review did not deny then that it was for taxes, or suggest that the plaintiff in review had ever told him it was for interest. But the judge ruled that nothing which Litchfield said could be admitted. The plaintiff in review then said that the defendant in review asked him as above stated, and that the defendant in review did not dispute him when he said it was for something else than interest, or claim that he had admitted it was for interest; but the plaintiff in review said that he found himself confused by trying to separate the part of the defendant in review in the conversation from his own, and he could not give it further."

The plaintiff in review put into the case a mortgage which "recited that it was given to secure a note of same date, amount and payee as that declared on; but the time of payment was stated as five years from date. No such note was produced, and no evidence offered in regard to it. The defendant in review maintained that it referred to the note produced and was merely a misdescription."

" The plaintiff in review contended that, if any payment was proved, it was a payment to reimburse Whitcomb for the amount of tax paid by him on account of money at interest. Upon this point the judge ruled that a payment to reimburse taxes, or on account of taxes, would not be such a payment as would take the note out of the statute; but if, as the defendant in review claimed there might be, there was any evidence that the parties treated note, interest and tax money as one consolidated debt, then a payment by the plaintiff in review to Whitcomb on such debt generally might be treated as a part payment of the note.

" The plaintiff in review asked the judge to rule that there was not sufficient evidence to support a verdict for the defendant in review, and also that there was no evidence that the payment, if any was made, was made within six years and thirty days of Whitcomb's death. But the judge ruled that it was competent for the jury to find upon the aforesaid evidence that it was made within that period.

" The plaintiff in review also prayed the judge to rule that the handing of money by his wife to the wife of Whitcomb, as hereinbefore stated, was no evidence of a payment by him to Whitcomb, nor of the time of such payment, if any was made; but the judge ruled that the evidence, taken in connection with the evidence of the defendant in review, might be sufficient to prove the payment, and that it was within six years and thirty days of Whitcomb's death.

" The plaintiff in review also prayed the judge to instruct the jury that there must have been an intention on the part of the plaintiff in review to make the payment, if any was made, as part payment of the note sued on, in order to take it out of the

statute of limitations.   But the judge declined to give the instructions in these words, but instructed the jury substantially as follows : That it was for the jury to say whether the note declared on and the note recited in the mortgage were in fact the same note; that if they were satisfied this was so, and that the note sued on was the only indebtedness of the plaintiff in review to Whitcomb, it would be competent for them to find from the evidence a sufficient part payment to take the case out of the statute ; but that the defendant in review must satisfy them that a payment was made within six years, that it was made upon this note, that it was made as a part payment of a greater debt, and that it was made with this intention ; that in law parties were presumed to intend the natural consequences of their actions when nothing appeared to the contrary; but that the burden on all these points was upon the defendant in review."

The jury returned a verdict for the defendant in review, and the plaintiff in review alleged exceptions.

*J. P. Harris,* for the plaintiff in review.

*P. Simmons,* for the defendant in review.

COLT, J.   The widow of the intestate Whitcomb was not a party, nor one of the parties to the suit; Gen. Sts. *c.* 131, § 14; nor was the contract or cause of action made or transacted with her in the lifetime of her husband and in his absence.   St. 1865, *c.* 207, § 2.   Her competency as a witness in this case does not depend upon the recent statutes.   The disqualification of pecuniary interest, which formerly excluded parties, is indeed now removed ; but the rules of the common law, founded on public policy, which relate to the competency of the wife to testify for or against her husband, still prevail.   Upon the point pressed by the plaintiff in review, that this disqualification of the wife, continuing after the death of her husband, is not limited to private conversations between them during marriage, but extends to all facts and transactions which then come to her knowledge, it is enough to say that the contrary has been recently decided by this court in a case like the one here presented.   *Robinson* v *Talmadge,* 97 Mass. 171.   *Dexter* v. *Booth,* 2 Allen, 559.   *Kelly* v *Drew,* 12 Allen, 107.   *Coffin* v. *Jones,* 13 Pick. 441, 445.

The conversations between the plaintiff in review and the executor Merritt were rightly excluded. They were the plaintiff's declarations in his own favor, and do not seem to be of a character which required a response, or to have any tendency to establish the defence set up in the answer, or to discredit Merritt as a witness. The ruling that nothing which Litchfield said could be given in evidence must be limited by the precise state of the case, and the evidence to which it was applied.

We find no error in the instructions given. It was a question of fact, whether the note declared on and the note described in the mortgage were the same, and there was evidence enough to warrant the finding that they were, especially in the absence of evidence that there was ever another note in existence to which the condition could apply. It was a mere misdescription in one particular. So there was evidence proper to submit to the jury whether there was a part payment upon the note within the time limited by the statute. Under the instructions, the jury must have found such payment, and that the note sued on was the only indebtedness of Litchfield to the intestate Whitcomb.

The ruling of the court, which was given in the course of the trial, as to the effect of a payment, treating the note, interest and tax money as one consolidated debt, becomes immaterial, in view of the final instructions given, and the findings of the jury thereon. And it becomes unnecessary, for the same reason, to consider the legal presumptions, somewhat discussed at the bar, which arise in reference to the application of unappropriated payments, when there are deots barred by the statute of limitations.                                    *Exceptions overruled.*